**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| **WYOMING TECHNOLOGY LICENSING, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GENERAL MOTORS LLC,**<br><br>**Defendant.** | **CIVIL ACTION NO.: 1:26-cv-00810**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Wyoming Technology Licensing, LLC ("Plaintiff" or "WTL") files this complaint against General Motors LLC ("GM") for infringement of U.S. Patent Nos. 7,482,916; 7,986,223; 8,378,805; 9,248,777; 9,505,343; 10,046,696; 10,293,743; and 10,569,700 and alleges as follows:

## PARTIES

1.      Plaintiff is a Wyoming limited liability company with a principal place of business at 1712 Pioneer Ave., Ste 100, Cheyenne, WY 82001.

2.      On information and belief, Defendant is a publicly traded corporation organized under the laws of the State of Delaware, with its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265. GM is responsible for manufacturing, sales, offers for sale, marketing, importation, and distribution of automotive vehicles from General Motors brands (including Chevrolet, GMC, Cadillac, and Buick). Defendant may be served through its registered agent in the State of Texas at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234.

**JURISDICTION AND VENUE**

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq.  Plaintiff is seeking damages, as well as attorney fees and costs.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5.      This Court has personal jurisdiction over Defendant.  Defendant has continuous and systematic business contacts with the State of Texas.  Defendant transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over Defendant based on its commission of one or more acts of infringement of WTL's patents in this District and elsewhere in the State of Texas.

6.      Defendant directly conducts business extensively throughout the State of Texas, by distributing, making, using, offering for sale, selling, and advertising its products and services in the State of Texas and in this District.  Defendant has purposefully and voluntarily made its business products and services, including the infringing systems, available to residents of this District and into the stream of commerce with the intention and expectation that they will be purchased and/or used by consumers in this District.

7.      On information and belief, Defendant maintains physical brick-and-mortar business locations in the State of Texas and within this District, retains employees specifically in this District for the purpose of servicing customers in this District, and generates substantial revenues from its business activities in this District. Such places of business include one at 13201 McCallen Pass, Austin, Texas 78753. *See* Fig. 1 below.

**Austin Innovation Center**

📍 13201 McCallen Pass
Austin, TX 78753

Austin Innovation is a hub for software and digital product development, as well as data analysis and research. Austin also supports GM's technology infrastructure, integrating digital tools into core business operations and support.

Figure 1
Source: https://www.gm.com/company/us-operations

8. Venue is proper in the Western District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b). As noted above, Defendant maintains a regular and established business presence in this District.

**PATENTS-IN-SUIT**

9. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 7,482,916 (hereinafter "the '916 Patent"), U.S. Patent No. 7,986,223 (hereinafter "the '223 Patent"), U.S. Patent No. 8,378,805 (hereinafter "the '805 Patent"), U.S. Patent No. 9,248,777 (hereinafter "the '777 Patent"), U.S. Patent No. 9,505,343 (hereinafter "the '343 Patent"), U.S. Patent No. 10,046,696 (hereinafter "the '696 Patent"), U.S. Patent No. 10,293,743 (hereinafter "the '743 Patent") and U.S. Patent No. 10,569,700 (hereinafter "the '700 Patent"). The '916, '223, '805, '777, '343, '696, '743 and '700 Patents are collectively referred to herein as the "Asserted Patents."

10. The patent applications that issued as the '223, '805, '777, '343, '696, '743 and '700 Patents are continuations of the patent application that issued as the '916 Patent. Thus, the '916, '223, '805, '777, '343, '696, '743 and '700 Patents share a common specification.

11.     The '916 Patent is attached as **Exhibit A**, the '223 Patent is attached as **Exhibit B**, the '805 Patent is attached as **Exhibit C**, the '777 Patent is attached as **Exhibit D**, the '343 Patent is attached as **Exhibit E**, the '696 Patent is attached as **Exhibit F**, the '743 Patent is attached as **Exhibit G** and the '700 Patent is attached as **Exhibit H**.

12.     The Asserted Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

13.     Plaintiff possesses all rights of recovery under the Asserted Patents, including the exclusive right to recover for past, present and future infringement.

14.     The '916 Patent contains forty-eight claims including five independent claims and forty-three dependent claims.

15.     The '223 Patent contains twenty-one claims including three independent claims and eighteen dependent claims.

16.     The '805 Patent contains twenty-six claims including three independent claims and twenty-three dependent claims.

17.     The '777 Patent contains twenty-three claims including three independent claims and twenty dependent claims.

18.     The '343 Patent contains nineteen claims including three independent claims and sixteen dependent claims.

19.     The '696 Patent contains nineteen claims including four independent claims and fifteen dependent claims.

20.     The '743 Patent contains seventeen claims including four independent claims and thirteen dependent claims.

21.     The '700 Patent contains twenty claims including two independent claims and eighteen dependent claims.

22.     The priority date of the Asserted Patents is at least as early March 15, 2004. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

23.     Plaintiff alleges infringement on the part of Defendant of the Asserted Patents.

24.     As noted, the claims of the Asserted Patents have a priority date at least as early as March 15, 2004. The inventions as claimed solve long standing problems in vehicle accident avoidance and safety systems that existed in the art as of the date of invention. In particular, many accident avoidance systems as of the date of the invention were difficult and costly to implement. In addition, the effectiveness of those systems depended on the accuracy and reliability of the system detecting the hazardous condition. *See* '916 Patent at 1:36-48. Further, an accurate and reliable hazard recognition system was difficult to implement because it was almost impossible to account for all possible hazards. Also, hazard recognition systems were expensive to test. *Id*. at 1:49-52.

25.     The claims of the Asserted Patents overcome these deficiencies existing in the art as of the date of invention, and comprise non-conventional, novel, technical approaches that transform the inventions as claimed into substantially more than mere abstract ideas.

26.     For example, the inventions as claimed provide an automatic signaling system that is configured to automatically activate a turn signal light based on a signal received from a sensor. *See* '196 Patent at 2:46-52. The sensors can include optical sensors for capturing images of the road or images of objects around the vehicle, as well as sensors for sensing a condition of an environment in which the vehicle is traveling. *Id.* at 4:60-65; 14:47-56; 19:3-11.

27.    The claims of the Asserted Patents are not drawn to laws of nature, natural phenomena, or abstract ideas. To the contrary, the claims of the Asserted Patents are directed to, for example, a physical machine with a processor, one or more sensors, and an output coupled to a vehicle's turn signal indicators. The processor receives sensor signals, determines the vehicle's spatial relationship to a lane boundary or to other objects in the vicinity of the vehicle, and automatically activates or controls the turn signal indicators or other component of the vehicle when a prescribed condition or conditions are met. The specific combinations of elements, as recited in the claims, were not conventional or routine at the time of the invention.

28.    The improvements disclosed in the Asserted Patents and the feature recitations in the claims of the Asserted Patents are not those that would be well-understood, routine, or conventional to one of ordinary skill in the art at the time of the invention.

29.    The '916 Patent was examined by Primary United States Patent Examiner Daryl C. Pope.  During the examination of the '916 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 340/475; 340/476; and 340/477.

30.    After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '916 Patent to issue.  In so doing, it is presumed that Examiner Pope used his knowledge of the art when examining the claims.  *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Pope had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).  In view of the foregoing, the claims of the '916 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art.

Likewise, the claims of the '916 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Pope.

31.    The claims of the '916 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

32.    The claims of the '916 Patent expired on January 28, 2025.

33.    The '223 Patent was examined by Primary United States Patent Examiner Daryl C. Pope. During the examination of the '223 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 340/475; 340/465; 340/937; 340/476; and 340/477.

34.    After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '223 Patent to issue. In so doing, it is presumed that Examiner Pope used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Pope had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed.

Cir. 2002).  In view of the foregoing, the claims of the '223 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '223 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Pope.

35.    The claims of the '223 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

36.    The claims of the '223 Patent expired on January 28, 2025.

37.    The '805 Patent was examined by Primary United States Patent Examiner Daryl C. Pope.  During the examination of the '805 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 340/475; 340/465; 340/476; 340/477; 340/937; 701/1; 701/28; 701/41; and 701/301.

38.    After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '805 Patent to issue.  In so doing, it is presumed that Examiner Pope used his knowledge of the art when examining the claims.  *K/S*

*Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Pope had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).  In view of the foregoing, the claims of the '805 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '805 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Pope.

39.     The claims of the '805 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

40.     The claims of the '805 Patent expired on January 28, 2025.

41.     The '777 Patent was examined by Primary United States Patent Examiner Daryl C. Pope.  During the examination of the '777 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: B60Q 1/346 (2013.01); B60Q 1/34 (2013.01); B60Q 1/40 (2013.01); and B60Q 2900/30 (2013.01).

42.    After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '777 Patent to issue.  In so doing, it is presumed that Examiner Pope used his knowledge of the art when examining the claims.  *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Pope had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).  In view of the foregoing, the claims of the '777 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '777 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Pope.

43.    The claims of the '777 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

44.    The claims of the '777 Patent expired on January 28, 2025.

45.     The '343 Patent was examined by Primary United States Patent Examiner Daryl C. Pope.  During the examination of the '343 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: B60Q 1/346 (2013.01); B60Q 1/34 (2013.01); B60Q 1/343 (2013.01); B60Q 1/40 (2013.01); and B60Q 2900/30 (2013.01).

46.     After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '343 Patent to issue.  In so doing, it is presumed that Examiner Pope used his knowledge of the art when examining the claims.  *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Pope had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).  In view of the foregoing, the claims of the '343 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '343 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Pope.

47.     The claims of the '343 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an

action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

48.    The claims of the '343 Patent expired on January 28, 2025.

49.    The '696 Patent was examined by Primary United States Patent Examiner Daryl C. Pope.  During the examination of the '696 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: B60Q 1/346 (2013.01); B60Q 1/34 (2013.01); B60Q 1/343 (2013.01); B60Q 1/40 (2013.01); and B60Q 2900/30 (2013.01).

50.    After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '696 Patent to issue.  In so doing, it is presumed that Examiner Pope used his knowledge of the art when examining the claims.  *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Pope had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).  In view of the foregoing, the claims of the '696 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '696 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Pope.

51.    The claims of the '696 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics*

*Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

52.    The claims of the '696 Patent expired on January 28, 2025.

53.    The '743 Patent was examined by Primary United States Patent Examiner Daryl C. Pope.  During the examination of the '743 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: B60Q 1/346 (2013.01); B60Q 1/34 (2013.01); B60Q 1/343 (2013.01); B60Q 1/40 (2013.01); and B60Q 2900/30 (2013.01).

54.    After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '743 Patent to issue.  In so doing, it is presumed that Examiner Pope used his knowledge of the art when examining the claims.  *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Pope had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).  In view of the foregoing, the claims of the '743 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '743 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Pope.

55.     The claims of the '743 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

56.     The claims of the '743 Patent expired on January 28, 2025.

57.     The '700 Patent was examined by Primary United States Patent Examiner Daryl C. Pope.  During the examination of the '700 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: B60Q 1/346 (2013.01); B60Q 1/34 (2013.01); B60Q 1/343 (2013.01); B60Q 1/40 (2013.01); and B60Q 2900/30 (2013.01).

58.     After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '700 Patent to issue.  In so doing, it is presumed that Examiner Pope used his knowledge of the art when examining the claims.  *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Pope had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).  In view of the foregoing, the claims of the '700 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '700 Patent are novel and non-obvious, including over all non-cited

contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Pope.

59. The claims of the '700 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

60. The claims of the '700 Patent expired on January 28, 2025.

## ACCUSED INSTRUMENTALITIES

61. Upon information and belief, Defendant sells, advertises, offers for sale, uses, and/or otherwise provides "Super Cruise" branded systems (the "Accused Instrumentalities"), which are included in Defendant's vehicle models, including, but not limited to: Buick Enclave; Cadillac CT4, CT5, Escalade, LYRIQ, and OPTIQ; Chevrolet Blazer EV, Equinox EV, Silverado, Silverado EV, Suburban, Tahoe, and Traverse; and GMC Acadia, HUMMER EV SUV, HUMMER EV Pickup, Sierra, Sierra EV, Yukon, and Yukon XL. Super Cruise is an advanced hands-free driver assistance system that includes an Automatic Lane Change feature that, when activated, allows the vehicle to autonomously perform safe lane changes along with a turn signal activation and controlled steering maneuvers. Super Cruise evaluates multiple parameters to perform the lane change, such as road curvature obtained from LiDAR map data, lane geometry

detected using cameras, vehicle trajectory determined from current speed, vehicle load, prevailing weather conditions, and the behavior of surrounding vehicles. The Accused Instrumentalities infringe the '916, '223, '805, '777, '343, '696, '743 and '700 Patents.

## COUNT ONE
### (Infringement of United States Patent No. 7,482,916)

62.    Plaintiff refers to and incorporates the allegations in Paragraphs 1-61, the same as if set forth herein.

63.    This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

64.    Defendant has knowledge of its infringement of the '916 Patent, at least as of the service of the present complaint.

65.    Accordingly, Defendant has infringed the '916 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed one or more claims, including at least Claim 33 of the '916 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit I**) the Accused Instrumentalities.

66.    Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 33 of the '916 Patent, by having its employees internally test and use the Accused Instrumentalities.

67.    **Exhibit I** includes at least one chart comparing the exemplary Claim 33 of the '916 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '916 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 33 of the '916 Patent.

68.    Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit I**.

69.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

70.     The '916 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

71.     A copy of the '916 Patent is attached hereto as **Exhibit A**.

72.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '916 Patent, pursuant to 35 U.S.C. § 271.

73.     Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '916 Patent, without license or authorization.

74.     As a result of Defendant's infringement of the '916 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

75.     Plaintiff is in compliance with 35 U.S.C. § 287.

### COUNT TWO
### (Infringement of United States Patent No. 7,986,223)

76.     Plaintiff refers to and incorporates the allegations in Paragraphs 1-75, the same as if set forth herein.

77.     This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

78.     Defendant has knowledge of its infringement of the '223 Patent, at least as of the service of the present complaint.

79.     Accordingly, Defendant has infringed the '223 Patent in violation of 35 U.S.C. § 271.  Upon information and belief, Defendant has infringed one or more claims, including at least

Claim 1 of the '223 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit J**) the Accused Instrumentalities.

80.     Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '223 Patent, by having its employees internally test and use the Accused Instrumentalities.

81.     **Exhibit J** includes at least one chart comparing the exemplary Claim 1 of the '223 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '223 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 1 of the '223 Patent.

82.     Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit J**.

83.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

84.     The '223 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

85.     A copy of the '223 Patent is attached hereto as **Exhibit B**.

86.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '223 Patent, pursuant to 35 U.S.C. § 271.

87.     Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '223 Patent, without license or authorization.

88.     As a result of Defendant's infringement of the '223 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

89.     Plaintiff is in compliance with 35 U.S.C. § 287.

**COUNT THREE**
**(Infringement of United States Patent No. 8,378,805)**

90.     Plaintiff refers to and incorporates the allegations in Paragraphs 1-89, the same as if set forth herein.

91.     This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

92.     Defendant has knowledge of its infringement of the '805 Patent, at least as of the service of the present complaint.

93.     Accordingly, Defendant has infringed the '805 Patent in violation of 35 U.S.C. § 271.  Upon information and belief, Defendant has infringed one or more claims, including at least Claim 13 of the '805 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit K**) the Accused Instrumentalities.

94.     Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 13 of the '805 Patent, by having its employees internally test and use the Accused Instrumentalities.

95.     **Exhibit K** includes at least one chart comparing the exemplary Claim 13 of the '805 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '805 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 13 of the '805 Patent.

96.     Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit K**.

97.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

98.     The '805 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

99.     A copy of the '805 Patent is attached hereto as **Exhibit C**.

100.    By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '805 Patent, pursuant to 35 U.S.C. § 271.

101.    Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '805 Patent, without license or authorization.

102.    As a result of Defendant's infringement of the '805 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

103.    Plaintiff is in compliance with 35 U.S.C. § 287.

### COUNT FOUR
### (Infringement of United States Patent No. 9,248,777)

104.    Plaintiff refers to and incorporates the allegations in Paragraphs 1-103, the same as if set forth herein.

105.    This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

106.    Defendant has knowledge of its infringement of the '777 Patent, at least as of the service of the present complaint.

107.    Accordingly, Defendant has infringed the '777 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed one or more claims, including at least

Claim 10 of the '777 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit L**) the Accused Instrumentalities.

108. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 10 of the '777 Patent, by having its employees internally test and use the Accused Instrumentalities.

109. **Exhibit L** includes at least one chart comparing the exemplary Claim 10 of the '777 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '777 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 10 of the '777 Patent.

110. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit L**.

111. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

112. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

113. The '777 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

114. A copy of the '777 Patent is attached hereto as **Exhibit D**.

115. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '777 Patent, pursuant to 35 U.S.C. § 271.

116. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '777 Patent, without license or authorization.

117.    As a result of Defendant's infringement of the '777 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

118.    Plaintiff is in compliance with 35 U.S.C. § 287.

### COUNT FIVE
### (Infringement of United States Patent No. 9,505,343)

119.    Plaintiff refers to and incorporates the allegations in Paragraphs 1-118, the same as if set forth herein.

120.    This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

121.    Defendant has knowledge of its infringement of the '343 Patent, at least as of the service of the present complaint.

122.    Accordingly, Defendant has infringed the '343 Patent in violation of 35 U.S.C. § 271.  Upon information and belief, Defendant has infringed one or more claims, including at least Claim 1 of the '343 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit M**) the Accused Instrumentalities.

123.    Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '343 Patent, by having its employees internally test and use the Accused Instrumentalities.

124.    **Exhibit M** includes at least one chart comparing the exemplary Claim 1 of the '343 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '343 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 1 of the '343 Patent.

125. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit M**.

126. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

127. The '343 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

128. A copy of the '343 Patent is attached hereto as **Exhibit E**.

129. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '343 Patent, pursuant to 35 U.S.C. § 271.

130. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '343 Patent, without license or authorization.

131. As a result of Defendant's infringement of the '343 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

132. Plaintiff is in compliance with 35 U.S.C. § 287.

### COUNT SIX
### (Infringement of United States Patent No. 10,046,696)

133. Plaintiff refers to and incorporates the allegations in Paragraphs 1-132, the same as if set forth herein.

134. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

135. Defendant has knowledge of its infringement of the '696 Patent, at least as of the service of the present complaint.

136. Accordingly, Defendant has infringed the '696 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed one or more claims, including at least Claim 1 of the '696 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit N**) the Accused Instrumentalities.

137. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '696 Patent, by having its employees internally test and use the Accused Instrumentalities.

138. **Exhibit N** includes at least one chart comparing the exemplary Claim 1 of the '696 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '696 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 1 of the '696 Patent.

139. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit N**.

140. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

141. The '696 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

142. A copy of the '696 Patent is attached hereto as **Exhibit F**.

143. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '696 Patent, pursuant to 35 U.S.C. § 271.

144. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '696 Patent, without license or authorization.

145. As a result of Defendant's infringement of the '696 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

146. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT SEVEN
### (Infringement of United States Patent No. 10,293,743)

147. Plaintiff refers to and incorporates the allegations in Paragraphs 1-146, the same as if set forth herein.

148. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

149. Defendant has knowledge of its infringement of the '743 Patent, at least as of the service of the present complaint.

150. Accordingly, Defendant has infringed the '743 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed one or more claims, including at least Claim 10 of the '743 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit O**) the Accused Instrumentalities.

151. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 10 of the '743 Patent, by having its employees internally test and use the Accused Instrumentalities.

152. **Exhibit O** includes at least one chart comparing the exemplary Claim 10 of the '743 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '743 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 10 of the '743 Patent.

153. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit O**.

154. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

155. The '743 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

156. A copy of the '743 Patent is attached hereto as **Exhibit G**.

157. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '743 Patent, pursuant to 35 U.S.C. § 271.

158. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '743 Patent, without license or authorization.

159. As a result of Defendant's infringement of the '743 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

160. Plaintiff is in compliance with 35 U.S.C. § 287.

### COUNT EIGHT
### (Infringement of United States Patent No. 10,569,700)

161. Plaintiff refers to and incorporates the allegations in Paragraphs 1-160, the same as if set forth herein.

162. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

163. Defendant has knowledge of its infringement of the '700 Patent, at least as of the service of the present complaint.

164. Accordingly, Defendant has infringed the '700 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed one or more claims, including at least Claim 12 of the '700 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit P**) the Accused Instrumentalities.

165. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 12 of the '700 Patent, by having its employees internally test and use the Accused Instrumentalities.

166. **Exhibit P** includes at least one chart comparing the exemplary Claim 12 of the '700 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '700 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 12 of the '700 Patent.

167. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit P**.

168. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

169. The '700 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

170. A copy of the '700 Patent is attached hereto as **Exhibit H**.

171. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '700 Patent, pursuant to 35 U.S.C. § 271.

172. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '700 Patent, without license or authorization.

173.    As a result of Defendant's infringement of the '700 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

174.    Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

175.    WTL, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)    Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(c)    Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: April 1, 2026

Respectfully Submitted,

/s/ *René A. Vazquez*
René A. Vazquez
Virginia Bar No. 41988
**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
rvazquez@dnlzito.com
(703) 989-2244

Joseph J. Zito
**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
rvazquez@dnlzito.com
(202) 466-3500

**COUNSEL FOR PLAINTIFF**